Daniel C. Cotman (CBN 218315)
dcotman@cotmanip.com
Rasheed McWilliams (SBN 281832)
Rasheed@cotmanip.com
Obi I. Iloputaife (CBN 192271)
obi@cotmanip.com
COTMAN IP LAW GROUP, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX: (626) 628-0404

*Attorneys for Plaintiff*
*TZU Technologies, LLC,*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TZU Technologies, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> Happy Haptics, Inc. d/b/a Frixion, a Nevada corporation, John Mason, an individual, Seth Van Het Kaar, an individual, <br><br> Defendant. | Case No.  2:15-cv-05500 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND PERMANENT INJUNCTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tzu Technologies LLC, ("TZU"), by and through its undersigned counsel, for its complaint against Happy Haptics, Inc., DBA Frixion, ("Defendant") makes the following allegations.  These allegations are made upon information and belief.

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-285.

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

3.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c). Defendant is subject to this Court's personal jurisdiction in the acts and transactions include the import of property identified herein through the State of California. Furthermore, Defendant, inter alia, make, sell and distribute adult oriented toys, adult oriented real time services over the Internet throughout the United States, including sales targeted to the State of California, thereby purposefully availing themselves of the benefits of the state.

## THE PARTIES

4.     TZU Technologies is a limited liability company organized under the laws of the State of California and has an office and principal place of business at 35 Hugus Alley, Suite 210, Pasadena, California 91103.

5.     Defendant Happy Haptics, Inc., is a Nevada corporation, with an address at 121 Brickell Avenue, Suite 900, Miami, Florida 33129.

6.     Defendant John Mason, is an individual and owner of Defendant Happy Haptics, Inc., and is believed to reside in or near Miami, Florida 33129.

7.     Defendant Seth Van Het Kaar, is an individual and owner of Defendant Happy Haptics, Inc., and is believed to reside in or near Miami, Florida 33129.

/ / /

/ / /

**FACTS**

8.     TZU Technologies is the owner, by assignment, of U.S. Patent No. 6,368,268 ("the '268 Patent"), entitled "Method and device for interactive virtual control of sexual aids using digital computer networks," which was duly and legally issued on April 9, 2002, by the United States Patent and Trademark Office.  A copy of U.S. Patent No. 6,368,268 is attached to this complaint as **Exhibit A**.

9.     The claims of the '268 Patent are valid and enforceable.

10.    Defendant has offered for sale to its customers on www.frixion.me in the United States, the Frixion devices.  Frixion also offers a software platform for interactive usage of the devices (collectively, "Frixion Product Family.") A listing of a Frixion Beta invitation is attached herewith as **Exhibit B**.

11.    The Frixion Product Family comprises stimulation systems. Each of the stimulation systems has a hand-operable input device for generating a command signal in response to an input from a first user. A first user interface is connected to the said input device, for generating a control signal based upon the command signal. A second user interface is remotely located from first user interface and a second user interface receives the control signal. A stimulation device receives a control signal from the second user interface. The stimulation signal imparts stimulation to a user in response to the control signal.

12.    The Frixion Product Family infringes on one or more claims of the '268 patent.

13.    Defendant imports, buys, sells and offers to sell to its consumers the Frixion Product Family over worldwide websites without regard to the patent rights of TZU Technologies, including in this district.

14.    Defendant's sale of products and/or services on www.Frixion.me and their software platform infringes on one or more claims of the '268 Patent.

15.    Defendant's infringement of the '268 Patent has been and continues to be willful.

16.     Unless enjoined by this Court, Defendant will continue to infringe the '268 patent.

17.     Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '268 patent.

18.     This is an exceptional case under 35 U.S.C. § 285 and Plaintiff should therefore be awarded treble damages pursuant to 35 U.S.C. §284, of any and all damages awarded for Defendant's infringement of the '268 patent.

### COUNT I
### CLAIM FOR PATENT INFRINGEMENT
### UNDER 35 U.S.C. § 271 ('268 PATENT)

19.     TZU Technologies hereby incorporates by reference the allegations of paragraphs 1 through 16 of this complaint as if fully set forth herein.

20.     Defendant has imported, offered to sell and provide, have sold and provided, and continue to offer to sell and provide in the United States and in this District, products and/or services that infringe one or more claims of the '268 Patent, including specifically the Frixion Product Family.

21.     Defendant's sale of products and/or services on www.Frixion.me including but not limited to the Frixion Product Family infringes on one or more claims of the '268 Patent.

22.     Defendant's infringement of the '268 Patent has been and continues to be willful.

23.     Unless enjoined by this Court, Defendant will continue to infringe the '268 Patent.

24.     As a direct and proximate result of Defendant's infringement of the '268 Patent, TZU Technologies has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

///

## COUNT II

## CLAIM FOR PATENT INFRINGEMENT

## UNDER 35 U.S.C. § 271(b) ('268 PATENT)

25.     TZU Technologies hereby incorporates by reference the allegations of paragraphs 1 through 23 of this complaint as if fully set forth herein.

26.     On information and belief, Defendant knows of the '268 patent, based on participation in trade fairs, informational articles and news articles published about the previous lawsuit by former owner, Hassex, Inc., www.hassex.com against the RealTouch devices, advertising of the patent by the previous owner on www.hassex.com and the marking provided on competing licensed products sold by OhMiBod.

27.     Defendant's sale of the Frixion Product Family induces third parties to infringe one or more claims of the '268 patent.

28.     Defendant's operation of www.Frixion.me induces users of Frixion products to infringe on one or more claims of the '268 Patent.

29.     Defendant's infringement of the '268 Patent has been and continues to be willful.

30.     Unless enjoined by this Court, Defendant will continue to induce infringement of the '268 Patent.

31.     As a direct and proximate result of Defendant's infringement of the '268 Patent, TZU Technologies has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or reasonable royalties.

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.      For a permanent injunction to issue against Defendant, their agents, servants, employees, successors and assigns and all others in concert and privity with them from making, using, offering to sell, selling, or importing into the United States any product or service infringing on claims of United States Letters Patent No.; 6,368,268;

B.      An award of damages in an amount to be determined at trial, but not less than a reasonable royalty and/or Plaintiff's lost profits as a result of Defendant's infringing actions;

C.      A finding that Defendant's infringement have been willful;

D.      A trebling, pursuant to 35 U.S.C. § 284, of any and all damages awarded for Defendant's infringement of the '268 Patent;

E.      A finding that this is an exceptional case under 35 U.S.C. § 285;

F.      An award, pursuant to 35 U.S.C. § 285, of reasonable attorneys' fees;

G.      An award of interest and costs; and

H.      For such other and further relief as may be just and equitable.

///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT**

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Respectfully submitted,

DATED:  July 20, 2015                **COTMAN IP LAW GROUP, PLC**

s/Rasheed M. McWilliams
By:_____
Daniel C. Cotman
Rasheed M. McWilliams
Obi I. Iloputaife
COTMAN IP LAW GROUP, PLC
117 E. Colorado Blvd., Suite 460
Pasadena, CA 91105
Telephone: (626) 405-1413
Facsimile:  (626) 628-0404

Attorneys for Plaintiff
TZU Technologies, LLC